**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMES WALTER THOMAS III, | : | Civil Action No.: 21-cv-8446 |
|  | : |  |
| Plaintiff, | : | **OPINION & ORDER** |
|  | : |  |
| v. | : |  |
|  | : |  |
| ANDRE R. WILLIAMS, DAE KUN SHIN | : |  |
| a/k/a ANDREW SHIN, DAE K. SHIN & CO., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**CECCHI, District Judge.**

**IT APPEARING THAT:**

1.      Currently pending before the Court is James Walter Thomas III's ("Plaintiff")
motion pursuant to Rule 55 of the Federal Rules of Civil Procedure for the entry of default
judgment against one of the three defendants – Dae K. Shin & Co. ("Shin & Co.").  ECF No. 13.
Plaintiff additionally names Andre R. Williams and Dae Kun Shin as defendants in this action
(the "non-default defendants," and collectively with Shin & Co., the "Defendants").  ECF No 1.
("Compl.").

2.      Plaintiff alleges he entered into a contractual relationship under which he paid
$250,000 to Defendants for purposes of creating and developing a clothing brand for Plaintiff.
Compl. at ¶¶ 1–2.  Plaintiff further alleges the Defendants failed to perform the terms of the
contract and improperly refused to reimburse $250,000 to Plaintiff.  *Id.* at ¶¶ 33–38.  Plaintiff
asserts claims for common law fraud, fraud in the inducement, breach of contract, and unjust
enrichment.  *Id.* at ¶¶ 39–78.

3.      Plaintiff now moves for the entry of default judgment against Shin & Co in the

amount of $250,000.  ECF No. 13.  Shin & Co. has not responded to the motion.

4.       The decision to either enter a default judgment or refuse to enter such a judgment

rests in the Court's discretion.  *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.

1987).

5.       It appears that Plaintiff intends to continue to prosecute this action against the

non-default defendants.  Plaintiff has not stated an intention to withdraw his claims against

Andre R. Williams, who has answered, nor Dae Kun Shin, who Plaintiff is attempting to serve.

*See, e.g.*, ECF Nos. 10, 16, 18, 21.  Thus, a judgment entered against Shin & Co. at this juncture

would not end this dispute, thereby giving rise to piecemeal litigation, the possibility of a double

recovery for the plaintiff, and the danger of logically inconsistent determinations.

6.       Furthermore, Shin & Co might be prejudiced in its defense to the extent that its

liability may be derivative of the Court's determination concerning the non-default defendants.

*See Ramada Worldwide Inc. v. VNM Foothills TIC, LLC*, No. 15-4078, 2016 WL 1162750, at

*1–2 (D.N.J. Mar. 23, 2016) (denying the entry of a default judgment against the first defendant

until the entire action was resolved, because the first defendant and several additional defendants

were jointly and severally liable, and it would be incongruous to enter judgment as to the first

defendant while permitting the action to proceed on the merits against the additional defendants).

7.       Because the relief as to all of the claims that are asserted against all of the

Defendants should be consistent, the Court declines to exercise its discretion to grant judgment

in Plaintiff's favor against Shin & Co. while the claims against the non-default defendants

remain viable.  *See Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL

54676, at *2 (D.N.J. Jan. 5, 2016) (denying plaintiff's motion pursuant to Rule 55 for entry of

judgment against only one of the two defendants, because "if default is entered against some

defendants in a multi-defendant case, the preferred practice is for the court to withhold granting

default judgment until the action is resolved on its merits against non-defaulting defendants")
(quoting *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596
F. Supp. 2d 842, 849 (D.N.J. 2008)).

**8.**      Therefore, the Court administratively terminates the plaintiff's motion, but does
so without prejudice to Plaintiff to seek one complete judgment when appropriate, i.e., when the
non-default defendants' liability has been ascertained, or when Plaintiff's claim against the non-
default defendants has been settled.

**IT IS THEREFORE** on this 28th day of April, 2022, **ORDERED** that Plaintiff's motion
for the entry of default judgment against defendant Shin & Co. **(ECF No. 13)** is administratively
terminated without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to move for the entry of one complete
judgment when all of the pending claims in this action have been resolved.

**SO ORDERED.**

s/ Claire C. Cecchi
_____
**HON. CLAIRE C. CECCHI, U.S.D.J.**