NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAMS et al.,<br><br>　　　　　　Defendants. | Civil Action No. 21-08446<br><br>**OPINION**<br><br>May 30, 2024 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendant Andre Williams's ("Williams") Motion for Summary Judgment. (ECF 47.) The Court reviewed all submissions made in support and in opposition to the motion (ECF 50; ECF 51) and considered the motions without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons stated below, Defendant's Motion is **GRANTED in part and DENIED in part.**

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiff James Walter Thomas ("Thomas") alleges that between December 2016 and January 2017, he entered into a contractual relationship with Williams, Dae Kun Shin a/k/a Andrew Shin ("Shin"), and Shin's corporate entity Dae K. Shin & Co ("Shin & Co.") (collectively "Defendants"). (*See* ECF 1, Compl.) Thomas contends he paid Defendants the total sum of two hundred fifty thousand dollars ($250,000.00), for purposes of creating and developing a clothing

---

[1] The facts and procedural history are drawn from the Complaint, (ECF 1, "Compl."), Defendant's Motion for Summary Judgment (ECF 47, "Def. MSJ"), Plaintiff's opposition (ECF 50, "Pl. Opp."), both parties' submissions regarding undisputed material facts (ECF 47; "Def. SOMF"); (ECF 54, "Pl. Opp. SOMF"); and documents integral to or relied upon by the Complaint.

brand for Plaintiff. (ECF 1, Compl. ¶¶ 1-2; ECF 47, Def. SOMF ¶ 1.) Pursuant to the terms of the parties' contract, Defendants were to help with "all aspects of creating a clothing brand, including, but not limited to, manufacturing products, marketing, and assisting with distribution channels" but Defendants "failed to perform the terms of the [parties' contract] . . . failing to even manufacture [or] provide necessary products to [Thomas]." (ECF 1, Compl. ¶¶ 3-4.) Thomas alleges that Defendants used his money for their own business purposes and colluded with the intention of not abiding by the terms of the contract. (*Id*. ¶¶ 5-6.)

On April 6, 2021, Thomas filed his four-count Complaint alleging (1) common law fraud; (2) fraud in the inducement; (3) breach of contract; and (4) unjust enrichment against Williams, Shin, and Shin & Co. (*See id*.) Defendant Williams and Defendant Shin & Co were served with the Complaint and Summons, however, only Defendant Williams has made an appearance pro se.[2] Plaintiff has unsuccessfully effectuated service on Defendant Shin, however, Plaintiff has made the Court aware of its efforts to locate and serve Shin through correspondence filed on August 6, 2021 (ECF 10), October 8, 2021 (ECF 16), and December 1, 2021 (ECF. 18.)[3] On October 7, 2022, the Court referred this case to arbitration, which occurred on or about November 29, 2022. (*See* ECF 32.) An arbitration award was entered with the Court on December 27, 2022. Plaintiff then demanded a trial *de novo* in accordance with Local Rule 201.1(h)(1). (*See* ECF 35.) On September 2, 2023, Defendant Williams, filed the instant Motion for Summary Judgment. (ECF 47.)

## II.   LEGAL STANDARD

---

[2] On April 28, 2022, this Court entered an Opinion and Order administratively terminating Plaintiff's motion for entry of default judgment against Shin & Co. The Court reasoned that because Plaintiff intended to continue to prosecute the action against the non-default defendants, a judgment entered against Shin & Co. would not end the dispute, and potentially give rise to piecemeal litigation, the possibility of a double recovery for the plaintiff, and the danger of logically inconsistent determinations. (*See* ECF 24.) The Court declined to exercise its discretion to grant judgment in favor of Plaintiff against Shin & Co. without prejudice and granted leave to Plaintiff to seek one complete judgment when appropriate, i.e., when the non-default defendants' liability is ascertained or when Plaintiff's claim against the non-default defendants has been settled. (*Id*.)

[3] As of the date of this Opinion, Defendant Shin has yet to be located and/or served.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact [and] the moving party is entitled to a judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

### III.   ANALYSIS

#### A.  Common Law Fraud (Count I)

The elements for actionable fraud under New Jersey law are proof that the defendant made (1) a material misrepresentation of present or past fact (2) with knowledge of its falsity (3) with the intention that the other party rely thereon (4) and which resulted in reasonable reliance by plaintiff. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993) (citing *Jewish Ctr. of Sussex County v. Whale,* 432 A.2d 521, 524 (1981)); *see also Gennari v. Weichert Co. Realtors,* 691 A.2d 350, 367 (N.J. 1997). A plaintiff asserting a claim of legal fraud must show that the defendant acted with scienter, but only need prove the elements of fraud by a preponderance of the evidence. *Batka v. Liberty Mut. Fire Ins. Co.,* 704 F.2d 684, 688 (3d Cir. 1983).

There are material issues of fact as to whether Williams made any misrepresentations or omissions as it relates to William's representations to Plaintiff concerning Defendants Shin & Co and Shin's business contacts in China. (Pl. Opp. at 9; ECF 43-2, Thomas Decl. ¶ 5.) Similarly, there are material facts in dispute regarding William's representations to Plaintiff about Shin & Co., and Shin's trustworthiness, skill set, and business operations in the industry. (ECF 50, Pl. Opp. at 9; ECF 43-2, Thomas Decl. ¶ 5; ECF 54, Pl. SOMF ¶ 2.) It is undisputed that Plaintiff

4

contracted with Shin & Co. to pay $250,000 for the purpose of creating and developing a clothing line. (Def. SOMF ¶¶ 1-2; ECF 50, Pl. Opp at 9.) It is further undisputed that Defendants did not develop Plaintiff's clothing line and Defendants have not reimbursed Plaintiff in accordance with the reimbursement agreement. (ECF 54, Pl. SOMF ¶ 9; ECF 43-2, Thomas Decl. ¶¶ 11-15.) However, Defendants have not provided any dispositive evidence regarding how Plaintiff's $250,000 was ultimately used, including but not limited to whether it was used for the benefit of Defendant Shin & Co, Defendant Shin, and/or for Defendant Williams. Finally, Plaintiff's assertion that he would not have contracted with Defendants but for Williams's misrepresentations and whether Plaintiff reasonably relied upon these alleged misrepresentations is a fact question for the jury. *See Union Trust Co. of Maryland v. Wakefern Food Corp.*, No. 86-728, 1989 WL 120756, at *25 (D.N.J. Sept. 8, 1989) (finding that credibility determinations regarding reasonable reliance must be made by the trier of fact); *see also Van Dam Egg Co.*, 489 A.2d 1209 ("[I]t is a fact question, in every case in which it is disputed, whether the [plaintiff] did rely, and if so whether the reliance was justifiable.").

Based on the foregoing, a reasonable finder of fact could conclude that Defendant Williams made material misrepresentations with the intent that Plaintiff would rely on these misrepresentations. As such, summary judgment is **DENIED** as to Count I.

### B. Fraud in the Inducement (Count II)

Like a claim for common law fraud, a claim for fraudulent inducement requires that a party show the following: "(1) a material representation of a presently existing or past fact;[4] (2) made

---

[4] Where entrance into a contract has been fraudulently induced, "a knowing misstatement has been made, on the basis of which the defrauded party signs the instrument." *Deerhurst Estates v. Meadow Homes, Inc.*, 165 A.2d 543 (N.J. Super. App. Div. 1960). "Statements as to future or contingent events, to expectations or probabilities, or as to what will or will not be done in the future, do not constitute misrepresentations, even though they may turn out to be wrong." *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 435 (D.N.J. 1998).

5

with knowledge of its falsity; and (3) with the intention that the other party rely thereon; (4) resulting in reliance by that party; (5) to his detriment." *Metex Mfg. Corp. v. Manson*, No. 05-2948, 2008 WL 877870, at *4 (D.N.J. March 28, 2008) (citing *Jewish Ctr. of Sussex County,* 432 A.2d 521); *see also CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, 489 F. Supp. 3d 282, 303-04 (D.N.J. Sept. 25, 2020).

For the identical reasons the Court discussed in Count I *supra*, summary judgment is also **DENIED** as to Count II.

### C. Breach of Contract (Count III)

Williams also moves for Summary Judgment on Thomas's claim for breach of contract as to Defendant Williams. Notably, Thomas's breach of contract claim is based on his alleged contractual relationship with Defendant Shin & Co., Defendant Shin, and Defendant Williams.

To state a claim for breach of contract under New Jersey law,[5] a plaintiff must establish four elements: (1) the parties entered into a valid contract, (2) the plaintiff performed its contractual obligations, (3) the defendant did not perform its obligations, and (4) the defendant's breach causes the plaintiff to incur damages. *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)); *Lacroe v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017).

It is undisputed that Plaintiff and Defendant Shin & Co., entered into a contract and reimbursement agreement for the design, development, manufacture, and distribution of clothing. (ECF 47, Def. SOMF ¶¶ 2, 4; ECF 47, Def. Ex. 1.) However, in his Motion for Summary Judgment,

---

[5] The parties appear to assume that New Jersey law applies. Seeing no clear reason to deviate from this assumption, the Court will apply New Jersey law. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

Defendant Williams contends that he was not a party to the contract in question. (ECF 47, Def. Br. at 9.) Specifically, Williams contends that he was not a party mentioned [in the agreement] nor did he sign the agreement. (ECF 47, Def. SOMF ¶¶ 2, 4; ECF 47, Def Ex. 1.) In opposition, Plaintiff makes a general argument that Defendants have failed to carry out "any of the terms of the contract and have failed to return any of Plaintiff's investment." (ECF 50, Pl. Opp. at 11.) However, Plaintiff has failed to point to any disputed material facts which establish that Defendant Williams was a party to the contract, "embraced" the contract,[6] and/or that Plaintiff and Defendant Williams entered into a valid contract. Critically, despite Plaintiff's claims that Williams was a "founder" of Shin & Co., Plaintiff fails to cite any materials evidencing Williams's alleged "ownership interest" in Shin & Co.   Even construing the facts and inferences in the light most favorable to Plaintiff, the Court concludes as a matter of law that Defendant Williams and Plaintiff did not enter into a valid contract, and do not satisfy the first element of breach of contract under New Jersey law. Defendant William's Motion for Summary Judgment is **GRANTED** as to Plaintiff's breach of contract claim against Defendant Williams.[7]

### D. Unjust Enrichment (Count IV)

Finally, Williams moves for summary judgment on Plaintiff's Count IV claim of unjust enrichment. Unjust enrichment is an equitable theory of recovery centered on the principle that "a person shall not be allowed to enrich himself unjustly at the expense of another." *Assocs. Com.*

---

[6] Equitable estoppel principles prevent "a non-signatory from embracing a contract, and then turning its back on the portions of the contract . . . that it finds distasteful." *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001). "A non-signatory can 'embrace' a contract in two ways: (1) by knowingly seeking and obtaining direct benefits from that contract; or (2) by seeking to enforce terms of that contract or asserting claims [based on the contract's other provisions]." *Griswold v. Coventry First LLC*, 762 F.3d 264, 272 (3d Cir. 2014) (citations omitted). Here, the equitable estoppel maxims are not precisely apposite with the facts of this case. However, Mr. Williams is a non-signatory and Plaintiff has not pointed to any evidence that Mr. Williams has "embraced" the contract in question.

[7] To be clear, Plaintiff's breach of contract claim survives against Defendant Shin and Defendant Shin & Co.

*Corp. v. Wallia*, 211 N.J. Super. 231, 511 A.2d 709, 716 (N.J. Super. Ct. App. Div. 1986). In New Jersey, a plaintiff alleging unjust enrichment must demonstrate: (1) the defendant received a benefit; and (2) retention of that benefit by defendant would work an injustice. *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Id.*; *see also Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 417 (D.N.J. 2014).

As discussed, it is undisputed that Plaintiff entered a contract with Shin & Co., wherein Plaintiff paid $250,000. (ECF 47, Def. SOMF ¶¶ 2, 4; ECF 47, Def. Ex. 1.) It is further undisputed that Plaintiff has not been reimbursed the $250,000. (ECF 43-2, Thomas Decl. ¶ 31.) However, there are genuine issues of fact as to whether Defendant Williams has been unjustly enriched which are for a finder of fact to decide.[8]

Defendant's Motion for Summary Judgment is **DENIED** as to Plaintiff's unjust enrichment claim against Defendant Williams.

### D. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF 47) is **GRANTED in part and DENIED in part.** An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:   James B. Clark, U.S.M.J.
      Parties

---

[8] Specifically, there are material issues of fact regarding: Defendant Williams's role within Shin & Co., whether Defendant Williams received and/or any portion of the $250,000 paid by Plaintiff to Shin & Co., and whether Defendant Williams was "instrumental in preventing" Plaintiff from being reimbursed. (ECF 43-2, Thomas Decl. ¶¶ 6, 10, 24-27.)